IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  *Plaintiff,*  v.  **JORGE TORRES,**  *Defendant.* | Criminal No. 98-514 |

MEMORANDUM

**COSTELLO, J.**                                                                                   June 6, 2025

In 1998, Petitioner Jorge Torres entered a guilty plea to an indictment charging him with bank fraud. The district court sentenced Torres to a term of imprisonment. Torres completed his sentence decades ago. Now, Torres seeks a writ of error coram nobis, arguing for the first time that he is innocent of the crime to which he pleaded guilty, his plea was involuntary, and the Government suppressed exculpatory evidence. Torres has not substantiated these claims, and he has failed to explain or justify the decades-long delay between these purported errors, which were known to him at the time of his guilty plea, and his recent petition. Accordingly, Torres has failed to satisfy the prerequisites for coram nobis relief and the Court will deny his petition.

I.     BACKGROUND

On September 29, 1998, a grand jury returned an indictment charging Torres with one count of bank fraud, in violation of 18 U.S.C. § 1344. Torres entered a guilty plea on November 17, 1998. The Court sentenced Torres to 12 months' imprisonment, five years of supervised release, a $5,000 fine, and a $100 special assessment. The Court of Appeals for the Third Circuit affirmed the judgment. In doing so, the court of appeals summarized the facts as follows:

  On September 14, 1997, Jorge Torres, identifying himself as George Boyd, opened a money market account at the Cottman Avenue branch of the Commonwealth Bank in Philadelphia, Pennsylvania. He presented photo identification displaying a picture of himself and a non-issued social security number. Ten days later, Torres, again posing as Boyd, returned to the Cottman Avenue branch and opened a second money market account in the name of Kelly Services, Inc. He presented a license in Boyd's name "c/o Kelly" from the Department of Licenses and Inspection and deposited a subsequently dishonored $240.65 third party check made payable to Kelly Services. On the same day, at the Port Richmond branch of the Commonwealth Bank, another individual using Boyd's name (surveillance cameras indicate that it was not Torres) deposited a stolen U.S. Treasury check in the amount of $66,021.94 and payable to Kelly Services into the Kelly Services account. An investigation subsequently established that Torres' fingerprint was on the deposit slip used in that transaction. The following day, Torres, yet again claiming to be Boyd, appeared at the Castor Avenue branch of the Commonwealth Bank and attempted to withdraw $24,900 from the Kelly Services account. The bank refused to permit the withdrawal, advising Torres that the funds were unavailable. Either shortly before or shortly thereafter, the bank came to suspect that the account was fraudulent. It notified the authorities, and Torres was subsequently arrested.

*United States v. Torres*, 209 F.3d 308, 309-10 (3d Cir. 2000).

On April 23, 2025, more than twenty-five years after the court of appeals affirmed his conviction, Torres petitioned for coram nobis relief, seeking to vacate the conviction and expunge any records. The Government opposes relief.

## II. DISCUSSION

"A writ of error coram nobis is an 'extraordinary remedy' that may only be issued in the most limited of circumstances." *United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) (citation omitted). It is available to attack allegedly invalid convictions that have continuing consequences in cases where a petitioner has served his or her sentence and is no longer in custody. *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). A court may grant coram nobis relief only if each of five prerequisites is met: "the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time

of trial; and (5) asserted error(s) of a fundamental kind." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020). A petition for coram nobis relief "must be denied if even one element is not satisfied[.]" *De Castro*, 49 F.4th at 842. "[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Ragbir*, 950 F.3d at 62 (citation omitted).

Torres has failed to meet his burden of satisfying each of these prerequisites. Torres is no longer in custody. Therefore, he has satisfied the first prerequisite of the *Ragbir* test. However, even assuming Torres continues to suffer consequences from his 1998 conviction, he has not satisfied the remaining three prerequisites for relief.

To start with, Torres has failed to assert errors of a fundamental kind. Torres claims he is innocent of the crime to which he pleaded guilty. In support, Torres points to the court of appeals opinion affirming his sentence, which mentions that someone else deposited a stolen check into the fraudulent account at the center of the bank fraud scheme. Torres' claim of innocence is unpersuasive. As discussed in the opinion and as quoted above, Torres' fingerprint was found on the deposit slip tied to that transaction. In addition, Torres attempted to make a substantial withdrawal from the account after the unknown individual deposited the stolen check. Moreover, Torres took numerous other steps in furtherance of the fraud scheme, including opening the account using a false identity and depositing a dishonored check into the account. Under these circumstances, Torres' claim of innocence cannot be taken seriously.

Torres' guilty plea also undermines his recent claim of innocence. Knowing this, Torres now claims that he entered his guilty plea under duress. However, he has not produced any evidence supporting this argument. Instead, he offers unsupported allegations that he entered his guilty plea after being threatened by individuals associated with a violent organized crime group.

Torres does not explain why he was supposedly threatened by members of this group, nor does he mention that this crime group was prosecuted and dismantled years before Torres' criminal conduct, making his story impossible to believe.  ECF No. 65 at 4-5.

Finally, Torres claims that the government suppressed evidence that he was a government informant, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  However, "*Brady* does not compel the government to furnish a defendant with information which he already has, or with any reasonable diligence, he can obtain himself."  *United States v. Pelullo*, 399 F.3d 197, 213 (3d Cir. 2005) (internal quotation marks omitted).

In addition to failing to assert fundamental errors, Torres has failed to show that he was unable to raise these arguments to the district court or on direct appeal.  Each of these purported issues relate to information known to Torres when he entered his guilty plea and when he appeared for his sentencing.  If raised at the time, there were certainly remedies available to Torres, including declining to go forward with his guilty plea, moving to withdraw his guilty plea, and challenging his guilty plea on direct appeal.  Therefore, Torres has failed to establish that there was no available remedy at the time of trial.  *See Ragbir*, 950 F.3d at 63 ("We have not previously elaborated on the requirement that there was no available remedy at the time of trial, but we can say that it focuses on whether a party was unable to make certain arguments at trial or on direct appeal.") (citations omitted).

Relatedly, Torres has not provided sound reasons for failing to seek relief sooner, such as filing a petition under 28 U.S.C. § 2255 or seeking any other relief in the more than twenty-five years since his guilty plea.  To explain his decades-long delay, Torres argues, without substantiation, that he feared retaliation and was unable to access records to establish his status as an informant.  Neither of these reasons justify Torres' more than twenty-five-year delay.  *See*,

4

*e.g.*, *Ragbir*, 590 F.3d at 64-65 (six-year delay caused by pursuit of administrative remedies to avoid immigration consequences was unjustified); *Mendoza v. United States*, 690 F.3d 157, 159-60 (3d Cir. 2012) (four-year delay in bringing ineffective assistance of counsel claim was unjustified, even though immigration law was unsettled). As the court of appeals noted in *Ragbir*, "the more time that elapses between a party's conviction and his petition for coram nobis, the less likely it becomes that sound reasons exist." *Ragbir*, 950 F.3d at 63. Perhaps "sound reasons" could exist for a twenty-five-year delay. Torres has not raised any here.

## IV.   CONCLUSION

Torres has failed to satisfy his burden of establishing each of the five prerequisites for coram nobis relief. Accordingly, his petition is denied.

An appropriate order follows.

BY THE COURT:

_____
MARY KAY COSTELLO, J.